Boyrczka v. Janowski, 182 Ill. App. 97.

company when it is sued by one who is neither in fact, nor by operation of law, its agent or employe. Under the doctrine announced in *Anderson v. West Chicago St. Ry. Co., supra,* and *Chicago & G. T. Ry. Co. v. Hart, supra,* the Iowa Central Railway Company is regarded as the principal, and the Wabash Railroad Company as its agent, and for any injury sustained through the negligence of such agent the principal is liable as well as the agent, and both are jointly liable. It does not follow, however, that both may urge the same defenses under the Iowa statute. Under section 2071 of the Iowa Code, the immediate employer of the plaintiff (viz: the Iowa Central company) is deprived of the defense of contributory negligence as a bar to a recovery, but that defense may be urged by one who is not the employer of the injured person, even though such one may be jointly liable with the employer. The first instruction was therefore erroneous in making no distinction in this respect between the Wabash company and the Iowa Central.

It follows from the view we have expressed that the judgment is erroneous as to the Wabash Railroad Company; and on familiar principles, if erroneous as to one, it must be reversed *in toto.* The judgment will therefore be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

---

**Victoria Boyrczka, Appellee, v. Thomas Janowski, Appellant.**

**Gen. No. 18,380.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. JOHN McNUTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed October 9, 1913.

## Statement of the Case.

Action by Victoria Boyrczka against Thomas Janowski to recover for injuries sustained by plaintiff from a bite by defendant's dog. From a judgment for plaintiff for five hundred dollars, defendant appeals.

ROYAL W. IRWIN and FRANK W. KORALESKI, for appellant.

F. W. JAROS, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. ANIMALS, § 40*—*scope of averments charging negligence of owner of dog*. A count in a declaration averring negligence of defendant in suffering a dog "to run at large without taking due and proper care to secure the same," *held* to permit recovery for failure to guard or securely muzzle the dog.

2. ANIMALS, § 48*—*when instruction may ignore defense of contributory negligence*. Instruction permitting recovery for a dog bite may ignore defense of contributory negligence where the evidence does not tend to prove such a defense.

3. ANIMALS, § 48*—*when instruction as to damages not improper*. An instruction on measure of damages for a dog bite limiting the jury to the consideration of injuries and damages as shown by the evidence, *held* not to authorize recovery for injuries which cannot be legally considered where no evidence of injuries of that character.

4. TRIAL, § 233*—*when declaration may be taken to jury room*. Court may permit the declaration to go to the jury room where the instructions are so framed as to be meaningless to the jury without it.

5. INSTRUCTIONS, § 111*—*when not objectionable permitting recovery on eliminated counts*. Instruction permitting recovery if jury believes plaintiff was injured "in manner and form as set out in plaintiff's declaration, or any count thereof," *held* not objectionable as permitting a recovery under a count eliminated by a specific instruction.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.